```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ALABAMA
                SOUTHERN DIVISION
```

KEITH AQUIA LAWRENCE,                    :

      Plaintiff,                         :

vs.                                      :   CIVIL ACTION 08-00277-WS-B

BOBBY MOORE, *et al.*,                   :

      Defendants.                        :


## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se and in forma pauperis, filed the instant action alleging violations of 42 U.S.C. § 1983, while confined at Clark County Jail.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  After reviewing the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), it is recommended that:

1.  Plaintiff's claims for injunctive relief should be dismissed with prejudice as frivolous;

2.  Plaintiff's claims against Defendant Virgil Chapman should be dismissed without prejudice because the claims fail to state a claim upon which relief can be granted;

3.  Plaintiff's claims against Defendant Renatta Chapman should be dismissed without prejudice because the claims against her fail to state a claim upon which relief can be granted;

4.  Plaintiff's claim against Defendant Faye Shaper for

deprivation of property should be dismissed with prejudice as frivolous, and the access-to-courts claims against her are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted;

5. Plaintiff's claims against Defendant Edward Wright should be dismissed with prejudice because the claims are frivolous;

6. Plaintiff's claims against Defendant Carl Ollison should be dismissed without prejudice because they fail to state a claim upon which relief can be granted, or are frivolous;

7. Plaintiff's claims against Defendant Lou Thomas should be dismissed with prejudice because the claims are frivolous; and

8. Plaintiff's claims against Defendant Bobby Moore for the denial of privileges should be dismissed with prejudice as frivolous.

**I. Complaint.** (Doc. 1).

In this action, Plaintiff complains about the conditions at the Clarke County Jail ("Jail") during the period of his incarceration. Plaintiff has sued certain Jail officials, namely, Bobby Moore, Sheriff of Clarke County, Alabama; Virgil Chapman, Chief of Police;[1] Renetta Chapman, Jail Administrator; Edward Wright, Assistant Jail Administrator; Carl Ollison, jailer/guard; Lou Thomas, jailer/guard; Faye Shaper, secretary/work release

---

[1]Chapman is identified as Chief of Police at the Clarke County Jail, and as being "over all of the Administrators guards/jailers at the Clarke County jail." (Doc. 1 at 5).

payroll clerk; and Lisa Penny, nurse. (Doc. 1 at 5, 11-16). Since filing this action, Plaintiff has been released from custody.

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955,

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

1974 (2007)).  "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible.  Id.  Plausibility requires more than the possibility that the defendant engaged in unlawful conduct.  Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  Id. at ___, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)(requiring that the statement of the claim show that the pleader is entitled to relief)).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at ___, 129 S.Ct. at 1949.  Additionally, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

A pro se litigant's allegations are given a liberal construction by the Court.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney).  However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments, Inc. v. County of

4

Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

## III.  Discussion.

At the onset, the undersigned observes that Plaintiff's Complaint contains numerous allegations, many of which do not refer to a specific Defendant.  The law is clear that in order to state a § 1983 claim, there must be established a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983).  Where no causal connection has been alleged, such claims cannot proceed.

### A.  Claims for Injunctive Relief.  (Doc. 1 at 15).

In his Complaint, Plaintiff requests injunctive relief. Specifically, he requests that the problems described in his Complaint be resolved and that the court terminate the employment of all the Defendants. With respect to Plaintiff's termination request, the Court notes that it does not have the "authority to address state officials out of office or to fire state employees." Newman v. Alabama, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438

U.S. 915 (1978).[3] Therefore, such relief is not available to Plaintiff in this action.

Plaintiff's request to have the problems at the Jail resolved is moot because he is no longer incarcerated at the Jail. See Doc. 7 (Plaintiff indicates that he was released on June 3, 2008); Docs. 4 & 10 (reflecting free-world addresses for Plaintiff). In Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.), cert. denied, 488 U.S. 1046 (1989), the Eleventh Circuit held that "an inmate's request for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once an inmate has been transferred." Id.

Similarly, the undersigned finds that in the case at hand, Plaintiff's request that conditions at the Jail be corrected is moot because he is no longer incarcerated at the Jail. Accordingly, Plaintiff's claims for injunctive relief are frivolous and are due to be dismissed with prejudice.

**B.  Dental Care Claim.**

Plaintiff alleges that Defendant Moore, the sheriff, denied him dental treatment and that Defendant Penny, the nurse, refused to make him a dental appointment even after examining his mouth with a flashlight on three different occasions and seeing two to

---

[3]The Eleventh Circuit in Bonner v City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

three broken teeth.  (Doc. 1 at 5, 7 & 14).  Plaintiff indicates that he was arrested in December 2007, and that he made requests to see the dentist in February, 2008.  (Id. at 7 & 15). Plaintiff maintains that Sheriff Moore told Nurse Penny that "he was not going to send anyone to the dentist who came to jail with bad teeth[;] they will leave with bad teeth."  (Id. at 7).  According to Plaintiff, instead of sending him to the dentist, Nurse Penny gave him antibiotics and pain medication.  Plaintiff claims that Defendants' actions caused him to suffer "excruciating" pain for four months.  (Id. at 14).  Upon consideration of these allegations, the undersigned finds that additional information is needed in order to resolve this claim; thus, the dental care claim will proceed;

    **C. Claims Against Virgil Chapman.**  (Doc. 1 at 5).

    Plaintiff alleges that Defendant Virgil Chapman is "over all of the Administrators[,] guards/jailers [and] . . . employees at the Clarke County jail[;] therefore he knows about the cruel and unusual treatment but does nothing about it."  (Id.).  There are no other references to Defendant Virgil Chapman in the Complaint. This claim is pled very generally and does not contain specific facts that establish a claim against Defendant Chapman.  For example, Plaintiff alleges that this Defendant "knows about the cruel and unusual treatment but does nothing about it." "Treatment" is not described and the phrase "cruel and unusual" is

a legal conclusion.[4]   In the absence of facts describing the
conditions or treatment that purportedly violated the Constitution
and this Defendant's personal participation in such, or actual
notice of such, the Court is unable "to draw the reasonable
inference that the defendant is liable for the misconduct alleged."
Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 (quoting Twombly, 550
U.S. at 570, 127 S.Ct. 1955 (2007)); cf. Farmer v. Brennan, 511
U.S. 825, 843, 114 S.Ct. 1970, 1983 (1994) ("The question under the
Eighth Amendment is whether prison officials, acting with
deliberate indifference, exposed a prisoner to a sufficiently
substantial 'risk of serious damage to his future health[.]'").
Thus, Plaintiff has failed "'to state a claim to relief that is
plausible on its face[,]'" and the claim is due to be dismissed
without prejudice.  Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.

Plaintiff also makes the allegation that Defendant Chapman is
"over" all the personnel.  Based upon this allegation, it appears
that Plaintiff is seeking to hold Defendant Chapman vicariously
liable for the acts of his subordinates.  However, vicarious
liability is not recognized as a theory for recovery under § 1983.
Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948.  In other words, a
defendant who occupies a supervisory position may not be held

---

[4]The phrase "cruel and unusual" comes from the Eighth
Amendment, which states: "Excessive bail shall not be required,
nor excessive fines imposed, nor cruel and unusual punishments
inflicted." U.S. CONST. amend. VIII.

liable under a theory of respondeat superior in a § 1983 action. Thus, this claim is frivolous.

Accordingly, the Court finds that Plaintiff's claims against Defendant Virgil Chapman are due to be dismissed.

**D. Claim Against Defendant Renetta Chapman.** (Doc. 1 at 5 & 11).

Plaintiff alleges that Defendant Renetta Chapman "is over the Assistant Administrat[or] and the jailer/guards at the Clarke County jail [and] is known for putting inmates in segregation without a disciplinary hearing going on only what the guards/jailers says. Doesn't implement a disciplinary court." (Doc. 1 at 11). Plaintiff also alleges that he did not have an opportunity to plead his case (id. at 6) and that he was removed from work release twice based on one officer's statement without being allowed to present his witness and prove his innocence. (Id. at 9). According to Plaintiff, his removal from work release caused him to lose his job and foreclosed his ability to pay child support. (Id.). Plaintiff does not reference any particular Defendant with respect to any of these latter allegations.

The Court notes at the outset that Plaintiff's claims against Defendant Renetta Chapman are pled in general terms. It appears that Plaintiff is contending that he did not receive due process when he was disciplined and removed from work release and that he believes due process required that he be afforded a disciplinary

hearing in which to present his position.

However, an inmate must have a protected liberty interest in order for due process to attach.  Gray v. Board of Regents of Univ. System of Ga., 150 F.3d 1347 (11th Cir. 1998) (due process protections do not attach where there is no recognized liberty or property interest).  Whether a prisoner has a liberty interest in receiving due process when he is disciplined or has a change in his housing is governed by the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).  In Sandin, the Court held an inmate's confinement to disciplinary segregation for thirty days, as a result of an allegedly defective disciplinary hearing, did not impact any liberty interest of the inmate to remain in population.  The Court found that the inmate's discipline was of the type that would be expected of someone with his sentence, was not an atypical and significant deprivation, and was not a dramatic departure from his basic conditions of confinement.  Id. at 485, 115 S.Ct. at 2301.  The Court also rejected the inmate's position that any time the State takes punitive action a constitutional liberty interest is impinged upon, id. at 484, 115 S.Ct. at 2300, and found that there was no liberty interest to which the due process clause attached.  Id. at 487, 115 S.Ct. at 2302.

The question before the Court is whether Plaintiff's removal from work release impacted a liberty interest to which due process protections applied.  The answer is "no."  Plaintiff's removal from

work release and return to the Jail did not impose an atypical and significant hardship in relation to the ordinary incidents of prison life, and Plaintiff has not alleged otherwise. <u>Ragland v. Watson</u>, 2007 WL 1651107, at *5 (M.D. Ala. Apr. 17, 2007) (citing cases and finding that the inmate did not have a liberty interest in his continued participation in the Alabama work release program), <u>adopted as modified</u>, 2007 WL 1651103 (M.D. Ala. Jun. 4, 2007) (unpublished).   In the absence of facts establishing the deprivation of a liberty interest without due process, Plaintiff's claims against Defendant Renetta Chapman are due to be dismissed without prejudice for failure to state a claim.

**E.  Claims Against Defendant Faye Shaper.** (Doc. 1 at 13).

In his Complaint, Plaintiff asserts that Defendant Shaper took more than the Alabama Department of Corrections' ("ADOC") required twenty-five percent withholding from his work-release checks and that in regard to his Motion to Proceed Without Prepayment of Fees, she only partially completed the certificate portion and did not provide a certified copy of his account showing transactions for the past six months.   Plaintiff appears to be asserting two different claims based on his contentions, one for an alleged deprivation of property without due process and the other for a denial of access to the courts.

**1. Deprivation of Property Claim.**

According to Plaintiff, Defendant Shaper took more than the

11

ADOC's required twenty-five percent withholding of his earnings. (Doc. 1 at 9 & 13). Specifically, Plaintiff contends she sometimes took anywhere from fifty to seventy-five percent of his earnings, but always more than the required twenty-five percent withholding. (Id.). Plaintiff also appears to contend that Defendant Shaper's actions were unauthorized.

The taking of property without due process of law is a violation of the Constitution. Parratt v. Taylor, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914 (1981) ("Nothing in [the Fourteenth Amendment] protects against all deprivations of life, liberty, or property by the State. [It] protects only against deprivations without due process of law."), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664 (1986).

"The Fourteenth Amendment protects only against deprivations 'without due process of law.'" Parratt, 451 U.S. at 537, 101 S.Ct. at 1914. In Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194 (1984), the United States Supreme Court held that the deprivation of property by persons acting under color of state law does not constitute a deprivation without due process of law when a predeprivation hearing is impractical, and there is available an adequate postdeprivation remedy at the time of the deprivation. Id. at 532-33, 104 S.Ct. at 3203-04. The Hudson Court reasoned that impracticality occurs when the loss of property occurs as a result of a "random, unauthorized act by a state employee," id. at 532, 104

12

S.Ct. at 3203 (quoting <u>Parratt</u>, 451 U.S. at 541, 101 S.Ct. at 1916), because it is impossible for the State to know beforehand of the deprivation, negligent or intentional, and to provide a predeprivation hearing prior to the loss.  <u>Id.</u> at 533, 104 S.Ct. at 3203.  Some postdeprivation remedies that have satisfied due process are administrative procedures, <u>Parratt</u>, 451 U.S. at 543-44, 101 S.Ct. at 1916-17, or ordinary state tort litigation procedures, <u>Hudson</u>, 468 U.S. at 535-36, 104 S.Ct. at 3204.

According to Plaintiff's allegations, the deprivation of the amount in excess of the required twenty-five percent withholding of his work-release earnings was unauthorized and varied in the amount.  Thus, a predeprivation hearing was clearly impractical.  Therefore, in order for Plaintiff's deprivation of property claim to be reviewable in this Court, Plaintiff must establish that there was no adequate postdeprivation procedure available to him at the time of the alleged deprivation.  <u>See</u> <u>Tinney v. Shores</u>, 77 F.3d 378, 382 n.1 (11th Cir. 1996) (finding that plaintiffs' claim failed when they argued the violation was complete at the time of the deprivation because they neglected to address the availability of an adequate postdeprivation remedy).

Plaintiff, however, cannot establish that an adequate postdeprivation remedy was unavailable to him at the time of the deprivation.  He had an available remedy in the form of a tort action for this deprivation.  <u>Dawson v. City of Montgomery</u>, 2008 WL

659800, at *8 (M.D. Ala. Mar. 6, 2008) (unpublished) (finding that Alabama's conversion statute, Alabama Code § 6-5-260 (1975), is an adequate postdeprivation remedy); <u>Browning v. City of Wedowee, Ala.</u>, 883 F. Supp. 618, 623 (M.D. Ala. 1995) (finding that the taking of property by the sheriff and deputies may be addressed in tort pursuant to Alabama Code § 6-5-260 or by filing a claim with the Alabama Board of Adjustment pursuant to Alabama Code §§ 41-9-60, <u>et seq.</u>); <u>Milton v. Espey</u>, 356 So.2d 1201, 1203 (Ala. 1978)(finding that a state employee may be personally liable to an inmate in an ordinary tort action).  Moreover, claims for the loss of property incurred at the hands of Alabama state agencies or their employees may be presented for compensation to the Alabama Board of Adjustment.  Ala. Code §§ 41-9-60, <u>et seq</u>.

It is not necessary that the postdeprivation remedy be available to Plaintiff at the present time to determine whether the deprivation was with or without due process.  See <u>Parratt</u>, 451 U.S. at 543-44, 101 S.Ct. at 1917.  It is only required that an adequate postdeprivation remedy was available when the deprivation occurred.  <u>Id.</u> Because an adequate postdeprivation remedy was available at the time of Plaintiff's loss, the deprivation of Plaintiff's property in excess of DOC's twenty-five percent withholding does not violate due process.  Accordingly, Plaintiff's claim against Defendant Shaper for a deprivation of property without due process of law is frivolous and is due to be dismissed with prejudice.

14

## 2.   Claim for Denial of Access to the Courts.

Plaintiff alleges that Defendant Shaper did not provide him with a printout to accompany his Motions to Proceed Without Prepayment Fees in this action, and she did not fully complete the certificate portion.  While a review of Plaintiff's Motions to Proceed Without Prepayment of Fees reflect that they do not have printouts attached,(Docs. 2 & 5), the docket reflects that following his release, Plaintiff was, nevertheless, granted leave to proceed in forma pauperis in this action after filing a new motion (Doc. 9).

In order for Plaintiff's allegations to rise to the level of a violation of the Constitution, which is necessary to state a § 1983 claim, Plaintiff must state a claim for the denial of access to the courts.  In order to state a claim for denial of access to courts, Plaintiff must show that he has suffered an injury in order to have standing to bring such a claim.  Lewis v. Casey, 518 U.S. 343, 349, 116 S.Ct. 2174, 2179 (1996).  In other words, Plaintiff must show that he has been frustrated or impeded in the prosecution of his conviction's direct appeal,  his habeas petition, or his civil rights action implicating a basic constitutional right[5] and that the underlying action was nonfrivolous.  Id. at 353-54, 116 S.Ct. at 2181-82.  The underlying "claim must be described well

_____

[5]The Eleventh Circuit in Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998), includes "direct or collateral appeals" of criminal convictions in the type of cases in which an injury may occur.

enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187 (2002). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.

Plaintiff herein has been able to prosecute this action, and he has sustained no prejudice with respect to his action. Therefore, the claim against Defendant Shaper appears to be moot as the Court can discern no injury which resulted of her alleged actions in regard to Plaintiff's access-of-courts claim. Accordingly, this claim is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**F. Claims Against Defendant Edward Wright.** (Doc. 1 at 12).

Plaintiff alleges that Defendant Wright knew that work-release inmates' money was not being handled properly but took no action even though Plaintiff and other inmate complained to him about too much money being withheld from their checks. According to Plaintiff, Defendant Wright's response was "Quit work release, stop going to work if your money isn't right." Plaintiff also claims that Defendant Wright knew about the use of corporal punishment, and that he watched inmates fight, but did he did nothing.

As best the Court can discern, Plaintiff's claim against

Defendant Wright for not correcting the handling of the amount of money being withheld from the paychecks of work-release inmates appears to be related to his claim against Defendant Shaper for withholding an amount in excess of the required twenty-five percent. Defendant Wright, as Assistant Jail Administrator, could conceivably have supervisory duties; however, such is not clear from Plaintiff's Complaint.   In addition, it does not appear that Plaintiff is contending that Defendant Wright took his money.

As a supervisor, Defendant Wright may be held liable for a constitutional deprivation if the constitutional deprivation was the result of his custom or policy, of him directing a subordinate to act unconstitutionally, of him failing to act when he knew a subordinate would act unconstitutionally, or him failing to act where there was a history of widespread abuse that he was aware that needed correcting, or if he was personally involved in the deprivation. West v. Tillman, 496 F.3d 1321, 1328-29 (11th Cir. 2007).   However, he cannot be held liable where there is no constitutional deprivation. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573 (1986) (finding that when the city's officer inflicted no harm, the city cannot be held liable and the court need not address the city's alleged constitutional deprivation); Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir.)(same), cert. denied, 522 U.S. 966 (1997). Additionally, as a supervisor, Defendant Wright cannot be held vicariously liable

based solely on the acts of a subordinate who is a tortfeasor. Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948.

As noted supra, the undersigned found that Defendant Shaper's withholding of more than twenty-five percent of Plaintiff's work release paycheck did not state a claim for a constitutional deprivation. As a consequence, Plaintiff's claim against Defendant Wright for failing to act after being placed on notice of the alleged improper withholdings does not state a claim because there is no underlying constitutional deprivation for which he could be held liable. Heller, 465 U.S. at 799, 106 S.Ct. at 1573. Therefore, Plaintiff's claim against Defendant Wright is frivolous and is due to be dismissed with prejudice.

Plaintiff also claims that Defendant Wright did nothing even though when he knew about the corporal punishment and saw inmates fighting. These allegations are extremely vague and conclusory, thus subjecting them to dismissal. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Furthermore, there is no showing that Plaintiff had any personal involvement with respect to the alleged punishment nor fighting. In addition, the alleged corporal punishment is not described. In order for Plaintiff to have standing to assert such claims, it is incumbent upon him to show that he sustained an injury related to these claims. Lewis, 518 U.S. at 349, 116 S.Ct. at 2179. In the absence of such a showing, this claim is due to be dismissed with prejudice.

**G.   Claim Against Defendant Carl Ollison.**   (Doc. 1 at 12).

Plaintiff alleges that Defendant Ollison jokes and plays with inmates by pointing a taser gun at an inmate for two to three seconds so the red beam will appear on the inmate, and this, in turn, leaves the inmate emotionally drained from the fear of being shot.   While Plaintiff alleges that this conduct is a hazard to security and is unprofessional, he does not allege that it is a constitutional violation.   Moreover, there is no allegation that Plaintiff was personally subjected to this type of play.   In the absence of such allegations, Plaintiff has not established that he has standing to bring a claim based on this conduct.   Lewis, 518 U.S. at 349, 116 S.Ct. at 2179.

In the alternative, Plaintiff has not allege any physical injury connected to the emotional injury for which he seeks damages.  Section 1997e(e) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Inasmuch as Plaintiff filed this action while he was incarcerated and has made no reference to a physical injury of any sort, Plaintiff is precluded from proceeding on this damages claim for an emotional injury.   Therefore, Plaintiff's claim against Defendant Ollison is due to be dismissed without prejudice for failure to state a claim upon which relief can be granted.   Douglas v. Yates,

535 F.3d 1316, 1321 (11th Cir. 2008) (holding that the dismissal under this section is to be without prejudice).

**H.  Claims Against Defendants Lou Thomas and Bobby Moore.** (Doc. 1 at 5, 6 & 13).

Plaintiff contends that when Defendant Thomas works central booking and sees an inmate misbehaving, he punishes all inmates by taking away privileges such as turning off the television and the telephone and taking away visitation. (Doc. 1 at 6 & 13). Plaintiff also contends that Defendant Moore took away the television and food products from the commissary for a month.  (Id. at 5). Plaintiff alleges that such conducts violates his constitutional rights.

With respect to the privileges which Plaintiff contends were taken away, the courts have considered these activities as privileges, not constitutional rights. Accordingly, the undersigned finds that the Constitution does not grant an inmate a right to visitation, to watch television, and to use telephone. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908 (1989) (finding an inmate does not have a protected interest in visitation arising from the Due Process Clause); Walker v. Loman, 2006 WL 3327663, at *3 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of television, telephone, store, and visitation privileges, recommended custody increase, and referral for possible free-world prosecution did not result in the deprivation of a liberty interest) (unpublished).  It is noteworthy that Alabama courts have determined

that a Alabama prisoner does not have a state-created liberty interest in store, telephone, and visitation privileges. Dumas v. State, 675 So.2d 87, 88 (Ala. Crim. App. 1995); Handley v. State, 549 So.2d 630, 631 (Ala. Crim. App. 1989) (finding no protected liberty interest in recreational and entertainment opportunities such as television). Moreover, following the Supreme Court's Sandin decision, no doubt remains that being able to watch television, to talk on the telephone, and to have visitors from the "free-world" are privileges.

The Sandin Court held that liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484, 115 S.Ct. at 2300. The withheld privileges referenced by Plaintiff cannot be said to have restrained Plaintiff beyond his imposed sentence, nor has their deprivation been atypical and significant. Thus, the Court concludes that Plaintiff does not have a liberty interest or property interest in these activities and consequently he cannot establish a constitutional violation with respect to these activities. Id. Accordingly, Plaintiff's claims against Defendants Thomas and Moore are therefore due to be dismissed with prejudice as frivolous.

21

**IV.   Conclusion.**

Based upon the foregoing reasons, it is recommended that, prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), that:

1.   Defendants Virgil Chapman, Renatta Chapman, Faye Shaper, Edward Wright, Carl Ollison, Lou Thomas and Bobby Moore be dismissed, and

2.   Plaintiff's claims for injunctive relief be dismissed with prejudice as frivolous.

Service of process shall proceed with respect to Defendants Moore and Penny.

**The attached sheet contains important information regarding objections to the Report and Recommendation.**

**DONE** this **22nd** day of **October, 2009.**


_____/S/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

   **DONE** this **22nd** day of **October**, **2009**.


            /S/ SONJA F. BIVINS
      **UNITED STATES MAGISTRATE JUDGE**